UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NIKE, INC., ADIDAS-SALOMON A.G., et al.,

                Plaintiffs,

      - against -

TOP BRAND CO., et al.,

                Defendants.

OPINION

00 Civ. 8179 (KMW) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Plaintiffs, Nike, Inc., Adidas-Salomon A.G., Adidas International, B.V., and Adidas America, Inc. ("Nike and Adidas"), brought suit in this trademark infringement case against three groups of defendants: 1) MHK Products, Inc.; Transfund Capital, LLC; president of MHK and Transfund, Jay Enis (the "Enis Defendants"); 2) Rosson Sport, Inc.; Top Brand Company; Global Surplus, Inc.; president of Global, Vincent Militano; and president of Rosson and Top Brand, Hanoch Rosner (the "Rosner Defendants"); and 3) Mark Stevens Company and its president, Mark Sahaya (the "Sahaya defendants").

On July 3, 2003, the undersigned granted sanctions against the Enis Defendants and their attorneys for discovery abuses. **Nike, Inc. v. Top Brand Co.**, 216 F.R.D. 259, 261 (S.D.N.Y. 2003). The facts leading to the grant of sanctions are summarized at length in that order. The sanctions were as follows: 1) the Enis Defendants were ordered to pay the plaintiffs the reasonable attorney's fees and expenses associated with the depositions of Andrew Cancel, Neil Drori, David Feffer, David Jurrist, Paul Owenby, Thomas Parker, Jay Enis (January 2002); 2) the Enis Defendants were ordered to pay the plaintiffs the reasonable attorney's fees and expenses

associated with the motion for sanctions; 3) the firm of Shapiro & Shapiro was ordered to pay the plaintiffs the reasonable attorney's fees and expenses associated with the reply memorandum on the sanction motion; 4) the Enis Defendants would be precluded from introducing evidence on the issue of damages; 5) the plaintiffs would be given all reasonable inferences against the Enis Defendants on the issue of damages. **Id**. at 276. As ordered, in support of their application for fees and expenses (sanctions 1-3), Nike and Adidas have submitted a declaration with attached invoices and summary sheets of hours billed and expenses. Declaration of Martin J. Feinberg in Support of Plaintiffs' Application for Costs and Attorney's Fees ("Feinberg Decl."). Nike and Adidas requested attorney's fees of $158,227.70 and expenses of $26,410.18, for a total of $184,637.88. Subsequently, Nike and Adidas settled with the firm of Shapiro & Shapiro with respect to sanction 3. Nike and Adidas thereupon asked the Court to amend its total request by subtracting $5,699.26, for a remaining total of $178,938.62.

For the following reasons, the hours and fees will be reduced in order to reach a reasonable lodestar calculation. Therefore, the following award is **GRANTED**: $71,610.85 in attorney's fees, and $17,562.68 in expenses, for a total of $89,173.53.

## II. DISCUSSION

Under the lodestar analysis for attorney's fees applications, the estimated fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable rate. **Grant v. Martinez**, 973 F.2d 96, 99 (2d Cir. 1992) (*citing* **Blanchard v. Bergerson**, 489 U.S. 87, 94 (1989)). Although there is a "strong presumption" that the lodestar is reasonable, the calculated amount may be adjusted, depending on such considerations as the novelty and difficulty of the issues concerned and the experience and ability of the attorneys. ***See***

2

**Toys "R" Us, Inc. v. Abir**, 1999 WL 61817, at *1-2 (S.D.N.Y. Feb. 10, 1999).

In determining a reasonable hourly rate, the court should consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." **Gierlinger v. Gleason**, 160 F.3d 858, 882 (2d Cir. 1998) (*quoting* **Blum v. Stevenson**, 465 U.S. 886, 896 n.11 (1984)). In addition, the court may also rely on its own knowledge of hourly rates charged in private firms to determine what is reasonable in the relevant community. **Miele v. New York State Teamsters Conf. Pens. & Retirement Fund**, 831 F.2d 407, 409 (2d Cir. 1987). For purposes of determining the fee, the relevant community is the judicial district in which the trial court sits. **In re Agent Orange Prod. Liability Litig.**, 818 F.2d 226, 232 (2d Cir. 1987).

In the Second Circuit, a party seeking an award of attorney's fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done." **New York State Assoc. for Retarded Children, Inc. v. Carey**, 711 F.2d 1136, 1154 (2d Cir. 1983). When determining the reasonableness of the hours expended by counsel, the court considers "the value of the work product of the specific expenditures to the client's case." **Luciano v. Olsten Corp.**, 109 F.3d 111, 116 (2d Cir. 1997) (*citing* **Lunday v. City of Albany**, 42 F. 3d 131, 133 (2d Cir. 1994); **DiFilippo v. Morizio**, 759 F.2d 231, 235 (2d Cir. 1985)). Morever, the court should reduce the lodestar calculation by any amount of time it deems unreasonable. *See* **Quarantino v. Tiffany & Co.**, 166 F.3d 422, 425 (2d Cir. 1998) (*citing* **Hensley v. Eckerhart**, 461 U.S. 424, 434 (1983)).

In support of their application for fees and expenses, Nike and Adidas have submitted a detailed declaration which describes the attorneys who worked on the case, their rates and hours,

the projects they worked on, and their range of experience. Feinberg Decl. ¶ 6-32. Feinberg has also attached invoices for both professional services and costs, expenses, and disbursements. **Id**., Exh. B. The fees and expenses divide as follows: 1) fees associated with the seven depositions: $114,816.60; 2) expenses for those depositions: $25,106.82; 3) fees associated with preparing the motion for sanctions: $37,778.00; 4) expenses for the motion: $1,237.20.

**A.     Reasonable Rates**

The rates billed by Nike and Adidas's counsel are reasonable. The highest billing attorneys, their rates, and their years of experience at the time of the application are: L. Ederer, $325-425, over twenty-three years; S. Gursky, $325-425, over twenty years; M. Feinberg, $250-350, over twelve years; and J. Lessem, $315-340, over seventeen years. The primary associate working on the case was J. Maltbie, billing a rate of $200-225, with three years of experience. The billing rates for the firm's paralegals range from $75 to $115. These rates are consistent with those approved by courts in this district, given the attorneys' many years of experience. ***See* Westchester Disabled on the Move v. Village of Larchmont**, 2000 WL 33764992, at *2 (S.D.N.Y. Feb. 2, 2001) (***citing* Marisol A. v. Giuliani**, 111 F. Supp. 2d 381 (S.D.N.Y. 2000) (finding a reasonable rate scale of: $350 for attorneys with more than fifteen years of experience, $300 for attorneys with ten to fifteen years of experience, $230-250 for attorneys with seven to nine years of experience, $180-200 for attorneys with four to six years of experience, and $130-150 for attorneys with one to three years of experience)); **Weinberger v. Provident Life and Cas. Ins. Co.**, 1999 WL 608790, at *2 (S.D.N.Y. Aug. 12, 1999) (finding $225-300 reasonable for partners and senior attorneys, and $200 reasonable for more junior attorneys).

B.  **Reasonable Hours**

The hours billed, however, are not reasonable. For example, the firm spent a total of 392.62 attorney hours and 4.54 paralegal hours in preparation for and conducting the depositions. Feinberg Decl. Exh. A. Just for the attorneys' work, this represents fifty-six seven-hour work days for seven depositions, six of which were taken of third-parties. The invoices indicate that the third-party depositions took less than one full day, although some travel time was required. **Id**., Exh. B. The firm also spent 152.08 attorney hours and 6.52 paralegal hours on the motion for sanctions. **Id**., Exh. A. Just for the attorneys' work, this is nineteen work days, which is an inordinate amount for a motion of this kind. For the reply, while not ultimately included here, the firm lists 22.52 attorney hours and 1.26 paralegal hours. **Id**. Finally, the firm claims 24.34 attorney hours and 63.54 paralegal hours in investigation and analysis of documents related to all three projects, and 8.04 attorney hours in interviews and investigations of one third-party, Perfect Courier. **Id**. It is important to note that multiple attorneys spent time on each of the reported projects. **Id**.

In determining whether the hours claimed by counsel were "reasonably expended," **Hensley**, 461 U.S. at 433, the court should not engage in an "*ex post facto* determination of whether attorney hours were necessary to the relief obtained." **Grant**, 973 F.2d at 99. Rather, the court must evaluate "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." **Id**. Furthermore, it is within this Court's discretion to determine whether or not the work of an additional attorney is reasonable when a firm bills for multiple attorneys' work on the same project. **Luciano**, 109 F.3d at 117 (approving district court's reduction of compensable hours for second trial counsel where district court

found that second counsel had questioned one minor witness and otherwise had not participated meaningfully at trial).

The depositions covered by this fee application were not central to this case, but only necessary because a problematic discovery process left discrete areas of facts undeveloped. The motion for sanctions was a remedy for discovery abuses, and not complex in either fact or law. According to the firm's submissions, five different attorneys worked on the depositions, although one associate spent the majority of the time. Feinberg Decl. Exh. A. Three attorneys spent significant time (47.20, 21.80, and 71.06 hours) on the motion for sanctions. **Id**. Requesting a fee award for all this time for all of these attorneys is excessive for such a peripheral and relatively uncomplicated portion of the case. While multiple attorneys are allowed to recover fees, the moving party must show that the work reflects the distinct contributions of each lawyer. **Sea Spray Holdings, Ltd. v. Pali Fin. Group, Inc.**, 277 F. Supp. 2d 323, 325 (S.D.N.Y. 2003) (*citing* **Hensley**, 461 U.S. at 437) (finding an application for 123.75 hours on one motion to dismiss to be "excessive on its face" where six attorneys and two legal assistants had billed for their services). *Compare with* **Anderson v. YARP Rest., Inc.**, 1997 WL 47785, at *4 (S.D.N.Y. Feb. 6, 1997) (allowing fees in employment discrimination case for two attorneys who both actively participated at trial from commencement through verdict).

It is not a simple task to review hours after the fact and make a determination of reasonableness. Here, the Court has the advantage of having been privy to the ongoing dispute among the parties. In litigation, counsel may seek to leave no stone unturned, but should only expect the Court to order compensation for reasonable preparation. In some cases, it would not be unreasonable for counsel to spend considerable background time for a critical deposition.

Given the nature and duration of the depositions at issue in this case, however, the Court will allow the equivalent of three work days per deposition (two days to prepare and one to take the deposition): 147 hours billed at the $225 rate listed for J. Maltbie, the attorney who spent the most hours on the depositions, for a total of $33,075.00. The paralegal hours for the deposition-related work will be granted as requested, but calculated at the firm's average rate for paralegals, $90: $408.60. The hours for the motion will be reduced by one-third because three attorneys and three paralegals billed for that project. The attorney hours will be calculated at Maltbie's rate: $22,812.75 (101.39 hours at $225). The paralegal hours will be calculated at $90: $391.5 (4.35 hours at $90). The fees for the remaining hours for the investigation and analysis of documents, and the interviews and investigation of Perfect Courier, which the Court finds reasonable, will be calculated at the highest rate listed for each attorney and at $90 for paralegals: $5,718.60 for paralegal time; $4,167.00 for Maltbie's time; $1,504.50 for Ederer's time; $2,821.00 for Feinberg's time; and $711.90 for Bard's time, for a total of $14,923.00. This results in total fees of $71,610.85.

**C.     Reasonable Expenses**

In addition to the invoices provided, Nike and Adidas have submitted a chart itemizing their expenses month-to-month. Feinberg Decl., Exh. C. As the Court has found excessive hours, it is likely that excessive expenses have also been listed. According to their chart, copying fees make up almost one-quarter of the total expenses, at a total of $6,824.84. Nike and Adidas have not explained why so much copying was necessary. Transcript fees make up another quarter at $6,856.30. Westlaw fees amount to $4,920.12, or more than eighteen percent of the total expenses listed. The projects associated with this fee application were not legally complex

and could not have required extensive research. Given both the excessive hours and the difficulty of attributing the expenses to a particular task without examining each invoice, the expenses will be reduced by one-third, for a remaining total of $17,562.68.[1] *See* **MZH AG v. Indus.-Trade Unitary Enter. "Belaya Russ"**, 2003 WL 22173074, at *2 (S.D.N.Y. Sept. 22, 2003) (reducing both fees and expenses by one-third for excessive hours); *see also* **Hensley**, 461 U.S. at 433 (where the documentation of expenses is inadequate, the court "may reduce the awards accordingly"); **Fund Com'n Service, II, Inc. v. Westpac Banking Co.**, 1996 WL 469660, at *7 (S.D.N.Y. Aug. 16, 1996); **N.S.N. Int'l Indus. N.V. v. E.I. Du Pont De Nemours & Co.**, 1996 WL 154182, at *5 (S.D.N.Y. Apr. 3, 1996).

### III. CONCLUSION

For the foregoing reasons, the following award is **GRANTED**: $71,610.85 in attorney's fees, and $17,562.68 in expenses, for a total of $89,173.53.

**SO ORDERED this 24th day of February 2006**
**New York, New York**

*[signature]*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

---

[1] The total amount was first reduced by $66.16, the expenses listed for May of 2002 and attributable to the firm's work on the reply.

8