```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
NIKE, INC., ADIDAS-SALOMON A.G.,
ADIDAS INTERNATIONAL, B.V., and
ADIDAS AMERICA, INC.,

                    Plaintiffs,
                                            00 CV 8179 (KMW)(RLE)
                                                    ORDER
          -against-

TOP BRAND COMPANY LTD., ROSSON SPORT, INC.,
MHK PRODUCTS, INC., GLOBAL SURPLUS, INC.,
GLOWERTH INTERNATIONAL TRADING LTD.
a/k/a GLOEWERTH INTERNATIONAL TRADING LTD.,
TRANSFUND CAPITAL, LLC,
HANOCH ROSNER, a/k/a HANK ROSNER
a/k/a IKE ROSNER a/k/a IKEY ROSNER,
JAY ENIS, VINCENT MILITANO,
MARK SAHAYA, and MARK STEVENS COMPANY,

                    Defendants.
---------------------------------------x
```

WOOD, U.S.D.J.:

Plaintiffs Nike, Inc. ("Nike"), Adidas-Salomon A.G., Adidas International, B.V., and Adidas America, Inc. (collectively, "Adidas") brought this action against Defendants MHK Products, Inc. ("MHK"), Transfund Capital, LLC ("Transfund"), and the President of MHK and Transfund, Jay Enis ("Enis") (collectively, the "Enis Defendants"); Rosson Sport, Inc. ("Rosson"), Top Brand Company Ltd. ("Top Brand"), Global Surplus, Inc. ("Global"), the President of Global, Vincent Militano ("Militano"), and the President of Rosson Sport and Top Brand, Hanoch Rosner ("Rosner") (collectively, the "Rosner Defendants"); Mark Stevens Company,

1

and its President, Mark Sahaya ("Sahaya") (collectively, the "Sahaya Defendants"); and Glowerth International Trading Ltd., for trademark counterfeiting and infringement in violation of 15 U.S.C. §§ 1114 and 1117(b)-(c), false designation of origin and trade dress infringement in violation of 15 U.S.C. § 1125(a), trademark dilution in violation of 15 U.S.C. § 1125(c), common law trademark infringement, common law unfair competition, and violation of New York General Business Law § 360-1.  By Order dated July 13, 2005, the Court granted default judgment against Defendants MHK and Transfund on all of Plaintiffs' claims; granted summary judgment against Defendant Enis and the Rosner Defendants on all of Plaintiffs' claims; and granted summary judgment on the issue of liability against the Sahaya Defendants on all claims except Plaintiffs' common law infringement claim. The Court referred this case to Magistrate Judge Ronald L. Ellis for a report and recommendation on (1) an accounting of the Enis and Rosner Defendants' profits, (2) whether the award of the Enis and Rosner Defendants' profits should be trebled, and (3) a reasonable sum of attorney fees that Plaintiffs should receive from the Enis and Rosner Defendants.  Familiarity with the Court's July 13, 2005, Order is presumed.

By report and recommendation dated February 27, 2006 (the

"Report"),[1] Magistrate Judge Ellis recommended that the Court grant the following award for damages, attorney's fees, and expenses: that the Enis Defendants pay $12 million in statutory damages to Nike and $5 million to Adidas; that the Rosner Defendants pay $4 million in statutory damages to Nike and $17 million to Adidas; that the Enis Defendants pay $95,865.33 in fees and $31,800.05 in expenses; and that the Rosner Defendants pay $88,424.39 in fees and $31,800.05 in expenses.

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72, in conjunction with Rules 6(a) and 6(e), of the Federal Rules of Civil Procedure, they had ten days from service of the Report to serve and file any objections.  The Report also explicitly cautioned that failure to file timely objections would constitute waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals.

The Rosner Defendants have not filed any objections,[2] and

---

[1] Magistrate Judge Ellis issued a report and recommendation dated February 24, 2006, but then issued a corrected report and recommendation dated February 27, 2006.

[2] The Rosner Defendants are no longer represented by counsel (and have not been for several years); however, they have not provided to the Court information as to the addresses at which they can be reached.  It is well-established that parties have the obligation of providing the Court with information as to how they can be reached.  The Court has nevertheless gone to significant lengths to provide copies of the Report to the Rosner Defendants.  Copies

their time to object has expired.  See IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993).  The Second Circuit "ha[s] adopted the rule that failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); "[t]he Supreme Court upheld this practice, at least when the parties receive clear notice of the consequences of their failure to object," id. (citing Thomas v. Arn, 474 U.S. 140, 155 (1985)).  Furthermore, the Court has reviewed the Report, insofar as it concerns the Rosner Defendants, and finds it to be well-reasoned and free of any "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note; see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Pursuant to letters received from defendant Jay Enis, proceeding pro se, the Court granted Enis an extension of time until March 31, 2006, to serve and file his written objections to the Report.  Enis sent a letter to the Court dated March 30,

---

of the Report were sent to the Rosner Defendants' former counsel, as well as to the last known address for the Rosner Defendants, which was provided by Plaintiffs' counsel; copies were also sent to an address found through research by defendant Militano's former counsel, and to an address found through research by the Court in connection with defendant Rosner.  These copies of the Report were returned to the Court, bearing statements that the addressees had either moved or were unknown.

4

2006, purporting to present objections to the Report. This letter was apparently not served on Plaintiffs, but Plaintiffs later obtained a copy of it, and have responded to it, see Letter from Plaintiffs to the Court (Apr. 27, 2006); the Court has considered Enis's letter - although it was not timely served - and Plaintiffs' reply.[3] The Court notes that the submissions of a pro se party should be construed liberally and interpreted to raise the strongest possible arguments. E.g., Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Even under this liberal standard, however, Enis fails to raise any viable objections to the Report. Enis primarily raises arguments as to the issues of his personal liability and wilful misconduct. Letter from Jay Enis to the Court ¶¶ 1-2 (Mar. 30, 2006). These issues were addressed in the Court's July 13, 2005, Order[4]; they do not constitute objections to the Report. Enis also seems to contend that the companies of which he was president, Transfund and MHK, actually suffered losses as a result of their activities - due to bounced checks and lack of volume - rather than profiting from them, and he claims that "erroneous profit determinations were

---

[3] Defendant Enis has asked to be allowed to appear before the Court to present his arguments orally; however, the Court finds it unlikely that oral argument regarding Enis's purported objections to the Report would be useful.

[4] The Court notes that defendant Enis submitted opposition papers to Plaintiffs' motion for summary judgment; the Court considered these submissions in its July 13, 2005, Order.

concluded." Id. ¶ 2. When construed to present the strongest possible argument, this contention appears to seek to attack the Report's calculation of damages. But the Court finds this contention to be meritless. In its July 13, 2005, Order, the Court noted:

> The Enis Defendants have not clearly identified the quantity of counterfeit goods they sold, or the profit that they made from these sales. In any event, pursuant to an order issued by Magistrate Judge Ronald Ellis on July 7, 2003, the Enis Defendants are 'precluded from introducing evidence on the issue of damages,' and Plaintiffs are to be given 'all reasonable inferences against the Enis Defendants on the issue of damages.' Opinion and Order, 00 Civ. 8179 (RLE) (S.D.N.Y. July 7, 2003), Doc. 33, at 30 (imposing sanctions upon the Enis Defendants for violating the Federal Rules of Civil Procedure and 28 U.S.C. § 1927).

Nike, Inc. v. Top Brand Co. Ltd., No. 00 Civ. 8179, 2005 WL 1654859, at *3 n.2, 2005 U.S. Dist. LEXIS 42374, at *9 n.2 (S.D.N.Y. July 13, 2005). Furthermore, the Report has calculated statutory damages, rather than the Enis Defendants' profits. The Court agrees with the Report's finding that "[t]he lack of information about any of the defendants' sales and profits, and the suspect nature of any information that was provided, make statutory damages particularly appropriate for this case," Report 3-4, and the Court finds no basis to diverge from the Report's recommendation as to the calculation of those damages in regard

to the Enis Defendants.

The Court therefore accepts and adopts the Report in its entirety. Accordingly, the Court grants the following award for damages, attorney's fees, and expenses: the Enis Defendants shall pay $12 million in statutory damages to Nike and $5 million to Adidas; the Rosner Defendants shall pay $4 million in statutory damages to Nike and $17 million to Adidas; the Enis Defendants shall pay $95,865.33 in fees and $31,800.05 in expenses; and the Rosner Defendants shall pay $88,424.39 in fees and $31,800.05 in expenses.

The Court notes that a Permanent Injunction and Final Judgment on Consent as to Defendants Mark Stephens Company and Mark Sahaya was entered on April 13, 2006. Therefore, the only remaining defendant is Glowerth International Trading Ltd., which has not appeared. No later than October 13, 2006, Plaintiffs shall either file a notice of voluntary dismissal as to defendant Glowerth if Plaintiffs wish to do so, or shall inform the Court what other course of action Plaintiffs intend to pursue as to this last remaining defendant.

SO ORDERED.

Dated:   New York, New York
         October 6, 2006

_____
Kimba M. Wood
United States District Judge